UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

NO. 23-30679

———————————————————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

TYDARRIEN T. PORTER

Defendant-Appellant

———————————————————————————————

CRIMINAL APPEAL FROM THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

———————————————————————————————

ORIGINAL BRIEF FOR THE APPELLANT
TYDARRIEN T. PORTER

———————————————————————————————

REBECCA L. HUDSMITH,
Federal Public Defender
Western & Middle Districts of Louisiana

Betty L. Marak, La. Bar Roll No. 18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Suite 2199
Shreveport, Louisiana 71101
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

Counsel for Defendant-Appellant

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO.  23-30679

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TYDARRIEN T. PORTER

Defendant - Appellant

_____

**CERTIFICATE OF INTERESTED PERSONS**

_____

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**<u>Defendant - Appellant</u>:**

Tydarrien T. Porter

**Attorney for Appellant**:

Betty L. Marak, Assistant Federal Public Defender

**Attorney for Appellee:**

Camille Domingue, Assistant U.S. Attorney

Shreveport, Louisiana, this 9th day of January, 2024.

*s/  Betty L. Marak*

Betty L. Marak, LSBA #18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Ste. 2199
Shreveport, Louisiana 71111
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28.2.4, oral argument is not requested.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ..........................................................................................iv

TABLE OF AUTHORITIES .................................................................................iv

STATEMENT OF JURISDICTION..........................................................................1

ISSUE PRESENTED FOR REVIEW .......................................................................2

STATEMENT OF THE CASE ...................................................................................3

SUMMARY OF ARGUMENT .................................................................................8

ARGUMENT ..............................................................................................................9

**The district court abused its discretion when it imposed a substantively unreasonable above-guideline sentence of 84 months of imprisonment.** .........................................................9

A.  Standard of Review..............................................................................9

B.  Discussion .........................................................................................10

CONCLUSION .........................................................................................................14

CERTIFICATE OF SERVICE ...............................................................................15

CERTIFICATE OF COMPLIANCE.......................................................................16

# TABLE OF AUTHORITIES

**Statutory Authority**

USSG § 922(g)(9) ...................................................................................1

18 U.S.C. § 922(o) ...............................................................................1, 4

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3553(a) .............................................................................8, 10

18 U.S.C. § 3553(a)(2) ............................................................................13

18 U.S.C. § 3553(a)(4) ............................................................................10

18 U.S.C. § 3742 ...................................................................................1

26 U.S.C. § 5845 ................................................................................4, 8

26 U.S.C. § 5861(d) .............................................................................1, 4

28 U.S.C. § 1291 ...................................................................................1

USSG § 2K2.1 ...................................................................................8, 12

USSG § 2K2.1(a)(5) .............................................................................8, 13

USSG § 2K2.1(a)(7) .............................................................................8, 13

USSG § 2K2.1(b)(6)(B) ............................................................................4

USSG § 3E1.1 ......................................................................................5

USSG, Amend. 821 .................................................................................5

## **Jurisprudential Authority**

*Gall v. United States,* 128 S.Ct. 586 (2007) .........................................................9, 10

*Holguin-Hernandez v. United States,* 140 S.Ct. 762 (2020) .....................................9

*Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456  (2007) .................................11

*United States v. Mares*, 402 F.3d 511 (5th Cir .2005) ...........................................11

*United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009)  ....................9

*United States v. Zuniga-Peralta*, 442 F.3d 345 (5th Cir. 2006) .............................13

## STATEMENT OF JURISDICTION

This matter originated in the United States District Court for the Western District of Louisiana. The district court's jurisdiction arose under 18 U.S.C. § 3231, since the Government prosecuted Tydarrien T. Porter for a violation of federal firearm laws, to wit: possession of an illegal firearm (machine gun) in violation of 18 U.S.C. § 922(o), possession of a firearm not registered to the defendant in NFRTR in violation of 26 U.S.C. § 5861(d), and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(g)(9). ROA.11-12. This appeal is from a final judgment of the United States District Court entered on the docket on September 15, 2023. ROA.8, 87. Porter filed a timely notice of appeal on September 26, 2023. ROA.93.

This is the direct appeal of Porter's conviction and sentence. As such, jurisdiction to review the conviction and sentence is provided by 28 U.S.C. §1291 and 18 U.S.C. §3742.

**ISSUE PRESENTED FOR REVIEW**

Whether he district court abused its discretion when it imposed a substantively unreasonable above-guideline sentence of 84 months of imprisonment?

## STATEMENT OF THE CASE

On April 13, 2022, Agent Brossette of the Shreveport Police Department conducted a traffic stop on a vehicle driven by Tydarrien Porter. ROA.149.   Agent Brossette observed Porter leaning down as if he were placing or reaching for something under the driver's seat. ROA.149.  After the stop, Agent Lindsey, also with the Shreveport Police Department, made contact with occupants on the passenger's side and observed a firearm in the back seat between the legs of the rear passenger. ROA.149.  Two female passengers were also inside of the vehicle, one in the front seat and another in the rear middle seat.  ROA.149.

The occupants were ordered to exit the vehicle in order to allow the officers to conduct a search.  ROA.149.  As the front seat passenger got out of the vehicle, officers located a second firearm in front of where she was sitting.  ROA.150.  A small quantity of marijuana in two separate bags was found under the  driver's seat.  ROA.150. Three firearms were found: a Joe Bob Outfitter's, LLC,  AR pistol, Model: ML-15, Caliber: .223; a Draco pistol; and a Glock pistol which was in the glove box.  ROA.150.

The Joe Bob Outfitters pistol had a drop-in auto sear, a conversion device, inserted inside of it.  ROA.150.

Poter admitted *post-Miranda* that the AR pistol and the marijuana found in the car was his.  ROA.150.  ATF Agents later conducted a second interview recorded at the jail and post- *Miranda* Porter stated he bought the gun in January 2022.  ROA.150. The seller told Porter that there was something in the pistol that made it shoot fast and showed him a plastic piece that looked like the drop-in auto sear located in the AR.  ROA.150.

On November 29, 2022, a federal grand jury a three-count indictment charging Porter with illegal possession of a machine gun in violation of 18 U.S.C. § 922(o), possession of a firearm not registered to the defendant in NFRTR in violation of 26 U.S.C. § 5861(d), and possession of a firearm by a person convicted of a misdemeanor crime of domestic violence.  ROA.11-13.    On April 3, 2023, Porter pled guilty to illegally possessing the machine gun in violation of 18 U.S.C. § 922(o).  ROA.61, 121-140.  At the conclusion of the proceeding, the district court ordered the preparation of a presentence investigation report (PSR).  ROA.61.

At sentencing, the district court found that Porter had a base offense level of 18 pursuant to USSG § 2K2.1(a)(5) because Porter's offense involved possession of an unregistered weapon under 26 U.S.C. § 5845.  ROA.122, 225.  The district court also added a four-offense level enhancement under USSG § 2K2.1(b)(6)(B) because Porter possessed the firearm in connection with another felony offense.  ROA.122, 225-226.  Finally, the PSR recommended a three-offense level decrease

for timely acceptance of responsibility under USSG § 3E1.1. ROA.119, 226. Under this scenario, Porter's total offense level equaled 19. ROA.122-123, 226. Mr. Porter did not object to the district court's determination of his total offense level. ROA.124.

With regard to his criminal history, the district court determined that Porter had two criminal history points.[1] ROA.122-123. These two points resulted from a single conviction for a misdemeanor crime of domestic violence, which he sustained after he committed the instant offense, but before he was sentenced. ROA.124-126, 226-227.

The PSR also laid out four other instances of unadjudicated, pending charges in Louisiana state court. ROA.199-201. At sentencing, the district court determined that the following two charges were relevant conduct to the instant offense. ROA.135-136, 228-230.

| Court | Dkt. No. | Offense Date | Charges |
|-------|----------|--------------|---------|
| La. 1st JDC | 388, 822 | 4/13/2022 | Illegal Carrying of Weapons |

---

[1] The PSR proposed a two-point increase in Porter's criminal history score because he was on probation during the relevant conduct of his offense. ROA.228. This would have yielded a criminal history score of 4 points and a criminal history category of III. ROA.228. However, at sentencing the district court prospectively applied USSG, Amend. 821. ROA.84-85, 124-125. The intersection of total offense level 19 and Criminal History Category II resulted in a final advisory sentencing range of 33-41. ROA.85, 123-124.

| | | | |
|---|---|---|---|
| La. 1st JDC | 391,340 | 9/14/2022 | Poss. of a firearm (.45 cal. pistol) after conviction of a misd. crime of domestic violence. |

Additionally, the district court determined that the following two pending charges were **not** relevant conduct to the instant offense.  ROA.135-136, 228-230.

| **Court** | **Dkt. No.** | **Offense Date** | **Charges** |
|---|---|---|---|
| La. 1st JDC | 391,339 | 8/21/2022 | Illegal Use of a firearm. |
| | | | Poss. of a firearm after conviction of crime of domestic violence. |
| Shreveport | 2022KS10125 | 8/23/2022 | Simple Assault |
| | | | Violation of a protective order. |

The district court ordered its 84-month sentence to run concurrently with the anticipated, state court sentences which it deemed were part of the relevant conduct.  ROA.85, ROA.135-136.  As for the other two charges which it deemed were part of the relevant conduct, the district court ordered its sentence to run consecutively.  ROA.89, 135-136.  The district court also ordered a three-year term of supervised release and imposed a special assessment of $100.00.  ROA.137-138.

Instead of imposing a within-guideline sentence between 33 – 41 months, the district court deviated upward and imposed an 84-month sentence.  In support of its sentence, it stated, in pertinent part:

. . .

> This is not an ordinary weapon.  The weapon has been publicized.  It's been on television.  The weapon fired so fast that it's almost impossible to accurately target anything resulting in bullets being sprayed everywhere.  ROA.134**.**

. . .

At the close of the proceedings, Porter objected to the above guideline sentence.  ROA.139.

After sentencing, when required to provide written reasons for its above guideline sentence, the district court  Statement of Reasons, the district court again noted the machine gun as one of its motivating factors.  ROA.216-217.

> ***This is a serious offense involving a machine gun.***  Two other guns were also found at the time of the offense. The defendant acquired a gun while on bail in relation to state court proceedings. The defendant has an affinity for guns and no respect for the law. The guidelines are woefully insufficient in this instance.  ROA.216-217.

This appeal ensued.

## SUMMARY OF THE ARGUMENT

The district court erroneously deviated upward from Porter's correctly calculated advisory guideline range of 33 – 41 months and imposed an 84-month sentence.  In doing so, the district court failed to properly balance the sentencing factors set forth in 18 U.S.C. § 3553(a) by giving inordinate weight to the fact that the firearm involved in the offense of conviction had been converted from a semi-automatic weapon to fully automatic one. The fact that the firearm operated as a fully automatic machine gun was fully accounted for under the governing guideline application, USSG § 2K2.1.  Because the machine gun Porter possessed was a weapon falling under the definition provided by 26 U.S.C.A § 5845, Porter's otherwise applicable base offense level of 12 pursuant to USSG § 2K2.1(a)(7)  was enhanced by six levels to 18 pursuant to USSG § 2K2.1(a)(5).  As  a result of the district court's inordinate focus on the nature of the firearm – a factor the Guidelines had already fully taken into account -- the district court's sentence was substantively unreasonable.

# ARGUMENT

**The district court abused its discretion when it imposed a substantively unreasonable above-guideline sentence of 84 months of imprisonment.**

## A.  The Standard of Review

At the conclusion of the sentencing proceeding, Mr. Porter objected to the imposition of an above-Guideline sentence of imprisonment ROA.139.  His objection preserves his claim on appeal that his sentence was substantively unreasonable.  *Holguin-Hernandez v. United States,* 140 S.Ct. 762, 767 (2020). When an error is preserved, this Court reviews sentences inside and outside the advisory Guidelines range for reasonableness under the abuse of discretion standard of review. *Gall v. United States,* 128 S.Ct. 586, 597 (2007).

This review occurs in two stages. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  First, the court must ensure that the district court did not err procedurally in imposing sentence. *Id.* If the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances. *Id.*  When a district court imposes an upward variance, the reviewing court "must give due deference to the district court's decision that the  § 3553(a) factors, on a whole, justify the extent of the variance." <u>Gall</u>, 552 U.S. at 51, 128 S.Ct. 586.  A

substantial variance "should be supported by a more significant justification than a minor one." *Id.* at 50, 128 S.Ct. 586.

## B. Discussion

This case, like every case where a term of imprisonment is imposed, must ultimately account for Congress' command under 18 U.S.C. § 3553(a) that a sentence should be "sufficient, but not greater than necessary" to achieve the goals set forth in the statute.

This appeal asserts that the district court erred when it determined that an 84-month sentence was not greater than necessary to accomplish the goals set forth in § 3553(a). Porter contends that a within-guideline sentence would have satisfied Congress' sentencing goals. As shown more fully below, the 84-month term of imprisonment imposed by the district court arose from its inappropriate focus on the nature of the firearm as a fully automatic weapon – a fact which the Guidelines had already fully taken into account.

When selecting a particular sentence, a district court is required "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue (internal quotation marks omitted)." *Gall v. United States*, 128 S.Ct. 586, 598 (2007). It is also statutorily required to consider the applicable sentencing range established by the Guidelines. 18 U.S.C. § 3553(a)(4).

The correctly calculated advisory guideline range in this case was 33 to 41 months. The district court nevertheless more than doubled the guideline range and imposed an 84-month term of imprisonment. A within-guideline sentence supports a presumption of reasonableness on appellate review. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2462 (2007); *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir.2005). However, an above Guideline sentence does not provide such a presumption. *Rita*, 127 S.Ct. at 2467. Accordingly, the 84-month above-guideline sentence imposed in this case is not supported by a presumption of reasonableness.

The district court's 84-month sentence is unreasonable because it focused an inordinate amount of concern on the fact that the firearm had been converted from a semi-automatic weapon to a fully automatic one. After announcing its sentence, the district court noted that the firearm was a fully automatic weapon and stated:

> This is not an ordinary weapon. The weapon has been publicized. It's been on television. The weapon fired so fast that it's almost impossible to accurately target anything resulting in bullets being sprayed everywhere. ROA.134-135.

In its written statement of reasons, the district court reiterated its overarching concern concerning the nature of the firearm. Writing in support of the upward deviation, it stated:

> ***This is a serious offense involving a machine gun.*** Two other guns were also found at the time of the offense. The defendant acquired a gun while on bail in relation to state court proceedings. The defendant

has an affinity for guns and no respect for the law. The guidelines are woefully insufficient in this instance *(emphasis added)*.  ROA.216-217.

Notwithstanding the nature of the weapon as a fully automatic firearm, its fundamental characteristic had already been fully accounted for in USSG § 2K2.1. In fact, the machine gun added six offense levels to Mr. Porter's total offense level. Since Mr. Porter was not a prohibited person at the time of his offense, his base offense level would have been just 12.  However, because he had a § 5845 weapon, i.e., the modified AR pistol, his base offense increased from 12 to 18.

The substantial variance imposed in this case resulted primarily from the district court's focus on a factor that had already been fully accounted for, i.e., the fully automatic AR pistol.  The only other basis the district court offered in support of its sentence related to Mr. Porter's unadjudicated charges.  To this end, it is important to remember that two of the four charges were considered by the district court as relevant conduct to the offense of conviction.  The facts underlying the other two charges, unrelated to the offense of conviction remain, had not yet been proven in a criminal court nor ripened into a conviction.  Yet, the district court treated them as established facts rather than mere allegations of fact.  While the district court may consider unadjudicated conduct in connection with the sentence it imposes, its consideration should be tempered with the recognition that charges have not yet

ripened into convictions deserve less credence than a conviction would ordinarily possess.

As shown above, the substantial variance imposed in this case was not justified by the facts relied upon by the district court and did not advance the objectives set forth in 18 U.S.C. § 3553(a)(2).  See, *United States v. Zuniga-Peralta*, 442 F.3d 345, 347–48 (5th Cir. 2006).  The district court gave inappropriate weight to the fact that Porter 's offense conduct involved a machine gun.  But for Porter's possession of the § 5845 weapon, his otherwise applicable base offense level of 12 under USSG § 2K2.1(a)(7) would not have been increased six levels to 18 pursuant to USSG § 2K2.1(a)(5).  As  a result of the district court's inordinate focus on the nature of the firearm – a factor the Guidelines had already fully taken into account -- the district court's sentence was substantively unreasonable.   Accordingly, the district court abused its discretion when it departed upward and imposed an 84-month sentence.

## CONCLUSION

For all the going reasons, appellant TYDARRIEN T. PORTER prays that this

Court vacate the district court's sentence and remand his case to the district court.

Respectfully submitted,

*s/ Betty L. Marak*

_____

Betty L. Marak, LSBA #18640
Assistant Federal Public Defender
Western and Middle Districts of Louisiana
300 Fannin Street, Ste. 2199
Shreveport, Louisiana 71111
(318) 676-3310   Fax: (318) 676-3313
E-mail: betty_marak@fd.org

## CERTIFICATE OF SERVICE

I hereby further certify that a digital copy of the above and foregoing Original Brief for the Appellant has been served as a result of its electronic filing with the Clerk of Court's CM/ECF system on counsel for the Government, AUSA Camille Domingue.

I further certify that: 1) required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program.

Shreveport, Louisiana, on this 9th day of January, 2024.


s/ *Betty L. Marak*

_____

Assistant Federal Public Defender

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements.

1.  This brief complies with the page limitation of  Fed.R.App.P.  28.1(e)(2)

because this brief is **3,220** words and does not exceed 13,000 words.

2.  This brief complies with the typeface requirements of Fed.R.App.P.

32(a)(5) because it is prepared in a proportionally spaced typeface using Microsoft

Word 365 in Times New Roman typeface with a 14-point font.

3.  The undersigned understands that a material representation in completing

this certificate, or circumvention of the type-volume limits in Fifth Circuit Rule

32.2.7, may result in the Court's striking the brief and imposing sanctions against

the undersigned counsel.


*s/ Betty L. Marak*

_____
Attorney for Appellant-Movant

Dated: January 9, 2024